**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

**FURMAN GILMORE,**

                **PLAINTIFF,**

       V.                                    1:15cv20
                                                          (TJM/DJS)

**JOSEPH CAREY,**

                **DEFENDANTS.**

Thomas J. McAvoy
Senior United States Judge

## DECISION AND ORDER

      Before the Court are Defendants' motions to dismiss this case, brought pursuant to 42 U.S.C. § 1983. See dkt. #s 40, 42, 46. Plaintiff, proceeding *pro se*, alleges that Defendants assaulted and injured him while executing a search warrant at his residence. See Complaint, dkt. # 1 ("Complt."). Plaintiff avers that he suffered injuries to his hands, fingers, legs, toes, chest and back as a result of Defendants' conduct. Id. at ¶ 38. The Court reviewed the Complaint and ordered United States Marshals to serve it. See dkt. # 7. After being served with the Complaint, Defendants answered. See dkt. #s 13, 17, 32. On July 22, 2015, then-Magistrate Judge Randolph F. Treece issued a pre-trial scheduling order. See dkt. # 37. That order, sent to Plaintiff's last known address–the Hudson Correctional Facility–was returned as undeliverable. See dkt. # 39.

      On September 24, 2015, noting that Plaintiff had failed to update his address as

required by Local Rule 10.1(c)(2), Defendants Auigar, Carey, Donn, Yannone, and Youngblood filed a motion to dismiss. See dkt. # 40. The other Defendants sought dismissal on the same grounds. See dkt. #s 42, 46. On October 26, 2015, the Plaintiff wrote the Court requesting an adjournment of these motions. See dkt. # 49. The Clerk of Court noted a new address for Plaintiff, the Columbia County Jail, and updated the docket. Id. The Court also granted the Plaintiff's request for additional time to answer the motions. See dkt. # 50. Plaintiff responded to the motions by asserting that he had provided the Court with his new address in a timely fashion. He provided two unsigned and unsworn affidavits purportedly demonstrating such notice. See dkt. #s 51-1, 51-2.

Local Rule 10.1(c)(2) provides that "**[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" L.R. 10.1(c)(2) (emphasis in original). The litigant is to provide notice to the Clerk of Court and to the attorneys for the other parties. Id. A failure to follow this rule "may result in the dismissal of any pending action." L.R. 41.2(b). Likewise, Federal Rule of Civil Procedure 41(b) permits a court to dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Defendants contend that Plaintiff's failure to provide notice to the Court justifies dismissing the action.

"[D]ismissal is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). A court "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Id. Five factors govern a dismissal under Rule 41: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply

2

would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge had adequately considered a sanction less dramatic than dismissal." Id. "[N]o single factor is dispositive.

      The Court finds that Defendants' motions should be denied. The Court notes that Plaintiff was incarcerated when he filed the instant action. He received leave to proceed *in forma pauperis* and the Complaint was served with the assistance of the Marshal's service. Two orders sent to Plaintiff at Hudson Correctional Facility were returned as undelieverable. Slightly more than one month after Defendants filed their initial motions to dismiss, Plaintiff contacted the Court and the Clerk was able to correct his address. He has since diligently participated in the case. The Court finds Plaintiff's delay in notifying the Court of his change of address excusable, especially considering the fact that Plaintiff was incarcerated and took prompt action when he eventually heard of Defendants' efforts to dismiss the case. While Plaintiff should have been aware of the need to inform the Court of his new address, nothing in the record indicates he possessed the Local Rules during his incarceration. Most important, the Court is not persuaded that any prejudice has come to the Defendants as a result of Plaintiff's delay in providing his change of address. Defendants were not left uninformed of the allegations in the Complaint, nor were they left unable to research them or prepare a defense. Though the events that gave rise to the action occurred more than three years ago, the Defendants were informed of those claims within the statute of limitations and have not been prevented from preparing a case. Finally, given that

3

Plaintiff is both incarcerated and proceeding *pro se*, dismissal of the case for failure to inform the Defendants–law enforcement officials–of a change in his prison housing would be an unduly harsh penalty.

    It is therefore ORDERED that the Defendants' motions to dimiss, dkt. #s 40, 42, and 46, are hereby DENIED.

**Dated:** June 8, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge