# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

FURMAN GILMORE,

                                        Plaintiff,

            - v -                                          Civ. No. 1:15-CV-20
                                                                (TJM/DJS)
JOSEPH CAREY, *et al.*,

                                        Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

FURMAN GILMORE
Plaintiff, *Pro Se*
16-A-4869
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                     HELENA LYNCH, ESQ.
Attorney General of the State of New York     Assistant Attorney General
*Attorney for State Defendants*
The Capitol
Albany, New York 12224

SHANTZ, BELKIN LAW FIRM                        DEREK L. HAYDEN, ESQ.
*Attorney for Defendant Jones, Sager, and Frascello*
26 Century Hill Drive
Suite 202
Latham, New York 12110

COOK, TUCKER LAW FIRM                          MICHAEL T. COOK, ESQ.
*Attorney for Defendants Hubicki and Julianio*
85 Main Street
P.O. Box 3939
Kingston, New York 12401


**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>ORDER</u>

Presently before the Court are Plaintiff's Motions to Compel production of numerous documents from the Defendants. Dkt. Nos. 64 & 66. A telephone conference was held, on the record, on January 13, 2017, wherein all parties appeared and had full opportunity to present their respective positions. At the close of argument I issued a decision on the record, in which, after applying the requisite legal standards, I granted in part and denied in part the Motions pending before the Court. I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties.

After due deliberation, and based up the Court's oral decision, which is incorporated in its entirety by reference herein, it is hereby,

**ORDERED**, that Plaintiff's Motions to Compel (Dkt. Nos. 64 & 66) are **GRANTED IN PART and DENIED IN PART** as follows:

(1) Defendants Carey and Yannone shall respond to Demands # 1(b) and to 1(e) only to the extent that the reports in question detail the arrest of the Plaintiff on January 11, 2012, and any force used or not used in connection with the arrest. The Court will not compel responses to Demands ## 1(a), (c), (d), (f), & (g).

(2) Defendants Youngblood, Donn, and Auigar shall respond to Demand # 2(c) only to the extent that the reports in question detail the arrest of the Plaintiff on January 11, 2012, and any force used or not used in connection with the arrest. The Court will not compel responses to Demands ## 2(a), (b), & (d).

(3) Defendants Jones, Gregory, Sager, and Frascello shall respond **only** to Demand # 3(c).

(4) Defendants Hubicki and Juliano shall respond **only** to Demands ## 4(a), (b), (c), & (d).

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14) days[1] within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date:   January 18, 2017
            Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).